IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:06cv175-WKW |
| TWO THOUSAND ($2,000) DOLLARS IN UNITED STATES CURRENCY, | : | |
| DEFENDANT. | : | |

RECEIVED 2006 FEB 24 P 3: 41
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Two Thousand ($2,000) Dollars in United States currency (hereinafter, "Defendant currency") which was seized on October 18, 2005, for violations of Title II of the Controlled Substances Act, Title 21, United States Code, Sections 801 et seq.

### JURISDICTION AND VENUE

2. The United States brings this action in rem in its own right to forfeit and condemn the Defendant currency under Title 21, United States Code, Section 881(a)(6). This Court has jurisdiction over this matter by virtue of Title 28, United States Code, Section 1345 and Section 1355.

3. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 and Title 21, United States Code, Section 881(j), because the acts and omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## THE DEFENDANT IN REM

4. The Defendant consists of Two Thousand ($2,000) Dollars in United States currency, which was seized on October 18, 2005.

## FACTS

5. The facts and circumstances supporting the seizure of the Defendant currency are as follows:

   a. On October 18, 2005, a Confidential Source (CS) purchased cocaine from Alex Williams (Williams) at his apartment in Montgomery, Alabama. The CS paid for the cocaine with $2,800.00 Official Advances Funds (OAF) and the serial numbers were recorded.

   b. After this purchase, officers conducted surveillance on Williams. Williams left his apartment in a Lincoln Navigator and drove north on Interstate 85 toward Atlanta. Officers stopped the Navigator for speeding and improper lane change.

   c. Williams had a Texas driver's license and stated he was en route to Atlanta, Georgia from Houston, Texas.

   d. The Trooper smelled the odor of alcohol and marijuana coming from the vehicle. Williams stated he drank the previous evening but had not smoked any marijuana in the vehicle.

e.   Williams gave written consent for a vehicle search.

f.   The Trooper noticed a bulge in Williams's front pants pocket and inquired about it. Williams said it was about $4,000 cash. Williams said he was a record promoter and the cash was from his business deals.

g.   The currency was seized for a serial number comparison to the OAF. Twenty of the $100 bills was recovered OAF used in the recent drug purchase. The remaining $2,000 (the Defendant currency) was not OAF. The Defendant currency was seized as drug proceeds.

## CLAIM FOR RELIEF

6.   The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5(g) above.

7.   The Defendant currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of Title 21, United States Code, Sections 801 et seq.

8.   As a result of the foregoing, the Defendant currency is liable to condemnation and to forfeiture to the United States of America for its use, in accordance with Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America requests that the Court issue a Warrant and Summons for the arrest and seizure of the

Defendant currency; that notice of this action be given to all persons known or thought to have an interest in or right against the currency; that the Defendant currency be forfeited and condemned to the United States of America; that the United States of America be awarded its costs and disbursements in this action; and, for such other and further relief as this Court deems proper and just.

    Respectfully submitted this 24th day of February, 2006.

                        FOR THE UNITED STATES ATTORNEY
                        LEURA G. CANARY

                        /s/ John T. Harmon
                        John T. Harmon [HAR108]
                        Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

## VERIFICATION

I, Neill Thompson, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct on this 24th day of February, 2006.

_____
NEILL THOMPSON, Special Agent
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this the 24th day of February, 2006.

_____
Notary Public
Commission Expires: Feb. 10, 2010